Petition by appellant, Ross Blackmon, filed in a certain cause lately pending in the Circuit of Calhoun County, wherein the State of Alabama, on relation of A. A. Carmichael, (then) Attorney General of Alabama, was complainant and John D. Bibb, as trustee under the last will and testament of L. H. Kaplan, deceased, and others, were defendants, for allowance of counsel fees for services rendered for the complainant in said cause, in the matter of the conservation of the trust fund and the protection and enforcement of the trust.
The original bill was filed by the Attorney General, with the petitioner, and another firm of attorneys, as his solicitors of record in the cause.
To the original bill, the appellee Bibb as such trustee demurred, but his demurrer was overruled. He took no appeal, however, from that decree.
The other respondents filed demurrers also to the bill, and their demurrers were sustained. From that interlocutory decree, the complainant prosecuted an appeal to this court, which resulted in the reversal of the decree. In the decree reversing the cause, it was held that the bill contained equity in some of its aspects, that is to say, in those aspects which sought an accounting by, and the removal of, the trustee, and the protection and enforcement of a public charity created under and by the will of L. H. Kaplan, deceased, and it was furtherheld that the bill was properly brought by the state on therelation of the attorney general. This decree was rendered, notupon find submission on pleading and proof, but on demurrers to the bill. This fact we pointed out in our opinion reversing the cause. Whether the evidence thereafter to be offered to support the charges made in the bill against the respondent trustee would, in fact, sustain such charges remained to be determined, and up to this time no proof has been offered in support of such charges, nor has there been a submission, or final decree determining the issues presented by the bill. For report of the case, see State ex rel. Carmichael, Attorney General v. Bibb et al., 234 Ala. 46, 173 So. 74. We expressly held the bill to be without equity in so far as it sought a sale of the property for partition; and we further held that the state, on relation of the attorney general, could not invoke the jurisdiction of the equity court to sell the trust property for administration purposes; that such question should be presented, if ever, by the trustee, under showing, supported by proof, that the sale was necessary to carry out the terms of the trust, or that the sale would, by reason of changed conditions, best promote the interest of the intended beneficiary.
It appears that the administration of the trust estate was pending in said Circuit Court of Calhoun County at the time the original bill in this cause was filed, but the bill filed by the attorney general was an original, independent bill, and was not filed in the then pending proceedings, which was styled Cause 47 on Circuit Court Docket, Equity Division.
The decree of this court, reversing the decree of the circuit court, was rendered on March 4th, 1937, and rehearing was denied on March 25th, 1937.
It appears that on March 18, 1937, Bibb as such trustee filed a complete report of his trusteeship, covering a period of sixteen years, but this report was filed in Case No. 47, being the case in which he was appointed such trustee, and which was still open on the docket. This report was not filed in the case brought by the attorney general.
On August 4th, 1937, the said A. A. Carmichael filed in the Circuit Court of Calhoun County, in equity, the following document:
 "Thomas W. Coleman, Jr., et al., v. C. H. Tomlinson, et al.
 "In the Circuit Court of Calhoun County, Alabama.
"In Equity — No. 47.
"Now comes A. A. Carmichael, as Attorney General of Alabama, and hereby *Page 372 
revokes all authority to represent him heretofore granted to any attorney or attorneys, and withdraws from the file in said cause any and all pleadings, filed in his behalf therein, except his acceptance of notice of the filing of the report and account of John D. Bibb, as trustee in said cause."
This paper is duly signed by Carmichael in his official capacity.
The case of Thomas W. Coleman, Jr., et al. v. C. H. Tomlinson, No. 47 on the Equity Docket of said court, is the case involving the administration of the estate of said L. H. Kaplan, deceased, and the identical trust estate involved in the case of State ex rel. A. A. Carmichael, Atty. Gen'l. v. John D. Bibb as Trustee et al., supra, the only change being that the said Coleman, and other named trustees, had resigned, and Agee had been appointed in their stead, and on resignation of Agee, the appellee Bibb had been appointed by the court in place of Agee.
It appears that the Attorney General had an audit made of said Bibb's report and accounting, and furnished the presiding judge of said court with a copy of the same on May 17, 1937. But this report does not appear in the record before us.
On May 26, 1937, the appellant, Ross Blackmon, filed in said cause a petition of intervention praying, among other things:
"That upon final hearing of this petition, upon pleading and proof, that your Honors will order a reference to the Register of this Court directing him to determine and report to the Court what would be a reasonable Solicitor's fee to be awarded petitioner and the firm of Mulkey Mulkey as solicitors of record in the above styled cause.
"That the proceeds of said trust estate be impressed with a lien in favor of said solicitors of record to the extent of the value of their attorney's fee determined on reference as hereinabove prayed.
"That an order, judgment or decree be entered authorizing a sufficient portion of said assets be sold for the purpose of realizing a fund with which to pay and discharge said attorneys' fee."
Thereafter, on August 5th, 1937, the said attorney general dismissed the bill filed by him in said cause. The following is a copy of the notice of dismissal:
"Complainant's dismissal of amended bill and proceeding No. 3570.
"Now comes the complainant in the above entitled cause and dismisses, without prejudice, the original bill as last amended, and proceeding No. 3570."
This document bears the official signature of A. A. Carmichael, as Attorney General of Alabama.
It further appears from the record, and brief of counsel on both sides of this appeal, that after the reversal of this cause on former appeal, the attorney general caused a state examiner of public accounts to audit and report to him on the accounts and vouchers of Bibb as trustee, filed in cause No. 47 in said court, and that about that time friction arose between the attorney general and Mr. Blackmon over the action by the attorney general, and which finally terminated in the severance of the relations theretofore existing between the two. While out of the case so far as representing the state or the attorney general, Mr. Blackmon continued to press his petition which is now before this court on appeal from a decree of the circuit court sustaining demurrers thereto.
On August 15th, 1938, the court sustained demurrers to the petition of intervention as first filed, and thereafter the intervenor amended his petition by addition of several new paragraphs, and with additional prayers. However, the case made by the amendment does not alter, or add to, or change, in any material particular, in so far as affects the matters here presented for determination, the case made by the original petition.
Both Bibb, individually and as trustee, and the said Carmichael demurred to the amended petition of the intervenor, and these demurrers were sustained by the court on December 21, 1938, and from this decree the said Blackmon prosecutes this appeal.
The demurrers of both Bibb and Carmichael take the point that the petition as last amended does not make a case entitling the said Blackmon to the relief sought, or any fee out of the trust estate.
In his opinion in the cause, the Chancellor observed:
"The Court has before it the entire record in this case, and by the inspection of its own records, knows what it contains therein. *Page 373 
"Based on the averments of the petition, the records in the case, and the authorities cited in this rather lengthy opinion, the court is of the opinion and so holds that the demurrers to the petition are well taken and should be sustained." And again the Chancellor observes in his opinion:
"The records of the Court in this proceeding must take precedence over the averments of the petition wherein said averments contradict the record. * * *
"The record discloses further that the cause has never been submitted for final decree, nor has there been any recovery or relief obtained on the bill. On the contrary, before the final submission on the merits, the Attorney General of Alabama revoked all authorization of petitioner. The record shows beyond question that the estate was in no way enhanced or benefited prior to said revocation."
It seems that the court and appellant are at least in accord on the proposition that the court can and should take cognizance of its record in determining the question here presented, viz, the allowance to appellant of an attorney's fee to be paid out of the trust fund. We say this for we find the following statement in brief of appellant: "The trial court had before it the entire record of the Kaplan Administration andwas bound to know the status of the trust, both before andafter the State's suit, and was bound to decree upon thedemurrers to the petition in the light of that knowledge." [Italics supplied.]
In the above stated conclusion appellant and the Chancellor are within the rule our decisions in such cases.
In our case of Wade v. Kay, 210 Ala. 122, 97 So. 129, it was observed:
"Section 3011 of the Code [now 6262 of the Code of 1923] gives a lien to attorneys on 'suits, judgments, and decrees for money,' for services rendered in reference thereto. Though the lien is given on suits as well as judgments and decrees it is clear that there can be no enforcement of such a lien until the suit has been prosecuted to judgment.
"The petition here exhibited is but an appendage to the main proceeding — the administration of an estate; and though it does not allege that a decree had been rendered in that proceeding allotting to petitioner's client what she was due to receive from the estate, the trial court had before it the entire record in the case, and was bound to know that such a decree had, in fact, been rendered, and was bound to decree upon the demurrer * * * in the light of that knowledge." To the same effect are our more recent cases of Frazer et al. v. First National Bank of Mobile, 235 Ala. 252, 178 So. 441; Snodgrass v. Snodgrass, 217 Ala. 128, 115 So. 21; Cartwright v. Hughes,226 Ala. 464, 147 So. 399; McGowin v. McGowin, 232 Ala. 601,169 So. 232.
This rule of law necessarily required the trial court to review the entire record of his court in the matter of the administration of the Kaplan Estate and of said trust as administered by said Bibb.
We have before us none of the proceedings in the administration of said trust as contained in case number forty-seven, pending in said court. The trial court did have such record and proceedings before him. Certain it is that the bill filed by the attorney general has not been prosecuted to judgment. At the time of its dismissal, no evidence had even been submitted in support of its averments. Whether it would ever be productive of results beneficial to the trust estate remained to be seen. While insistence of appellant, that the suit had brought about the filing of an account and report on the part of the trustee, may be true, yet it cannot be said that the report was made in obedience to, or by direction of, any decree in said cause.
With the facts before us, and in the state of the record, we cannot affirm error on the part of the court in sustaining the demurrers to the amended petition of the appellant.
While a demurrer to the petition was authorized, we do not wish to be understood as holding that it was necessary. The court had the right, and it was its duty, to act on the petition without reference to demurrer, that is, to grant or refuse it, as the facts of the case required.
On the foregoing considerations, we have said that we could not affirm error on the part of the trial court in sustaining the demurrers of the parties — Bibb and Carmichael — to the petition of intervention *Page 374 
as last amended. However, there is another insurmountable obstacle in the way of petitioner in the assertion and enforcement of any claim for attorney's fee in this case.
Assuming, as we must in view of the record, that the petitioner was engaged by the attorney general to represent the state in the litigation, and that the attorney general went the full length of undertaking to employ the petitioner, with the full expectation that the petitioner would and should be paid for his services, yet two questions at once arise: (1) Did the attorney general have such authority? and (2) How and in what way was the petitioner to be compensated?
Confessedly the state, the complainant in said cause, was neither a beneficiary of said trust created by the Kaplan will, nor was it otherwise the owner of any interest in the trust property. In filing the suit, the state was but exercising a part of its sovereignty in the protection and enforcement of a public charity. This was the effect of our former decision in this case. State ex rel. Carmichael, Atty. Gen. v. Bibb et al., supra.
The attorney general likewise was not a beneficiary of the trust, nor was he otherwise personally or financially interested in the properties of the trust estate. He was at most the law officer of the state, through whom the state must act in bringing suits in its name. The attorney general is supposed to be, and no doubt is, learned in the law. Whatever rights and powers he possesses or exercises are by virtue of his office. For his services he is paid a fixed and definite salary by the state, and whatever duties pertain to his office are likewise fixed by law. To aid him in the discharge of his official duties he is allowed a number of assistant attorneys general. We have been cited to no law — common law or statute — which authorizes this official to employ attorneys to assist him in the discharge of his official duties, and he may not do so except as authorized by statute.
We are, therefore, at the conclusion that appellant has shown no legal right to the fee claimed in his petition, and the decree of the circuit court must, therefore, be affirmed.
Affirmed.
ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.